UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-1261

**Caption [use short title]**

**Motion for:** Remand to district court for resentencing

Set forth below precise, complete statement of relief sought:

Appellee-United States of America moves for a remand to the district court for resentencing to correct an error in the calculation of Appellant-Austin Suarez's base offense level under the Sentencing Guidelines.

USA v. Suarez

**MOVING PARTY:** United States of America
**OPPOSING PARTY:** Austin Suarez

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** Paul D. Silver
**OPPOSING ATTORNEY:** Stephanie M. Carvlin

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office - N.D.N.Y.
445 Broadway - Albany, NY 12207
(518) 431-0247; paul.silver@usdoj.gov

Law Office of Stephanie M. Carvlin
140 Broadway; Suite 4610 - New York, New York 10005
(917) 549-0873; carvlin@hotmail.com

**Court- Judge/ Agency appealed from:** U.S. District Court N.D.N.Y. - Hon. Thomas J. McAvoy

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☑ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/Paul D. Silver   **Date:** July 7, 2023   **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Appellee,<br><br>v.<br><br>AUSTIN SUAREZ,<br>Defendant-Appellant. | Docket No.<br>**21-1261** |

_____

DECLARATION IN SUPPORT OF MOTION
TO REMAND TO DISTRICT COURT

PAUL D. SILVER declares under penalty of perjury:

1. I am an Assistant United States Attorney for the Northern District of New York. I am the attorney representing Appellee-United States of America (the "government") in the above-captioned appeal. I submit this declaration in support of the government's motion to remand this appeal to the district court.

2. The government has submitted a memorandum of law in support of its motion for remand, which explains why remand should be permitted in this matter. The facts stated in the memorandum are true and correct to the best of my knowledge and belief.

3. Should this Court deny the government's remand motion, the government respectfully requests a period of thirty days following this Court's order in which to respond to the appellant's opening brief.

4. Stephanie M. Carvlin, Esq., counsel for Appellant-Austin Suarez, has advised me that she does not oppose this motion, and does not intend to file responsive papers.

5. In accordance with the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date of Execution: July 7, 2023
                        Albany New York

                                                   s/ *Paul D. Silver*
                                                   Paul D. Silver

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,
      Appellee,

v.

AUSTIN SUAREZ,
            Defendant-Appellant.

Docket No.
**21-1261**

_____

MEMORANDUM OF LAW IN SUPPORT OF
APPELLEE'S MOTION TO REMAND

Dated: Albany, New York
        July 7, 2023

           CARLA B. FREEDMAN
           United States Attorney
           Northern District of New York
           Attorney for Appellee
           United States of America

           /s/ *Paul D. Silver*
By:   Paul D. Silver
           Assistant United States Attorney

TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................... 1

PROCEDURAL HISTORY ...................................................................................... 2

FACTUAL BACKGROUND .................................................................................... 3

    A. Offense Conduct ........................................................................................ 3

    B. Suarez's Plea Agreement Waiver of Appeal ..................................... 3

    C. Sentencing Proceedings ........................................................................ 4

        1. Presentence Investigation Report ............................................. 4

        2. Sentencing Memoranda .............................................................. 5

        3. Sentencing Hearing ..................................................................... 6

DISCUSSION
    The Court Should Order a Remand to Allow the
    District Court to Resentence Suarez Without Application
    of the Enhancement to his Base Offense Level Based on
    His Prior State Drug Conviction. ....................................................... 7

CONCLUSION ..................................................................................... 10

## PRELIMINARY STATEMENT

Defendant-Appellant Austin Suarez appeals his sentence, imposed by the United States District Court for the Northern District of New York (McAvoy, S.J.), following his guilty plea, pursuant to a written plea agreement, to aiding and abetting the theft of firearms from a firearms dealer, in violation of 18 U.S.C. § 924(m) and § 2(a). Suarez maintains that the district court erred by enhancing his Guidelines offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(A), based on a prior conviction for Criminal Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law (NYPL) § 220.39(1). Suarez contends that this conviction does not qualify, as it must, as a "controlled substance" offense.[1]

The government moves for a remand to allow the district court to resentence Suarez without application of the § 2K2.1(a)(4)(A) enhancement based on his prior NYPL § 220.39(1) conviction. If this Court remands this matter to the district court for resentencing, the parties reserve their

---

[1] Suarez maintains further that his district court counsel was ineffective in failing to object to the enhancement of his Guidelines base offense level because of this prior conviction. Suarez Opening Brief (Br.) at 21-30. This government motion for a remand does not address Suarez's claim of ineffective assistance of counsel, and the government does not concede that counsel provided ineffective assistance as Suarez claims.

1

respective rights to advocate for or against relevant Guidelines provisions in determining Suarez's Guidelines imprisonment range and to argue for or against any requests that the district court vary from the applicable Guidelines range.

## PROCEDURAL HISTORY

On June 24, 2020, a federal grand jury in the Northern District of New York returned a single-count indictment charging Suarez with aiding and abetting the theft of firearms from a firearms dealer, in violation of 18 U.S.C. § 924(m) and § 2(a). Dkt.10; A.15-17.[2] On January 11, 2021, pursuant to a written plea agreement, Suarez pled guilty to the single count of the indictment. Dkt.24, Minute Entry; A.18-37 (plea agreement), 38-60 (change of plea transcript). On May 11, 2021, the district court sentenced Suarez principally to a bottom-of-the-Guidelines-range 100-month term of imprisonment. Dkt. Minute Entry; A.77-93 (sentencing transcript). The district court entered judgment on May 12, 2021. Dkt.41; A.94-100. Suarez filed a timely notice of appeal on May 23, 2021, Dkt.45; A.103, and remains incarcerated, with a projected release date of July 18, 2027.

---

[2] References to "A." are to pages in the appendix filed by Suarez. References to "Dkt." are to docket entries in case no. 1:20-cr-00155-TJM-1 (N.D.N.Y.). The district court docket is reproduced at A.1-8.

## FACTUAL BACKGROUND

### A. Offense Conduct

In his plea agreement, Suarez agreed to the following facts:

> On February 18, 2020 Zero Tolerance Manufacturing was a federally licensed firearms dealer, operating a retail store at 1131 NY Route 9H Ghent, New York, in Columbia County.
>
> On or about February 18, 2020, Suarez and his co-conspirator agreed that the co-conspirator would break into and steal firearms from Zero Tolerance. Suarez aided the co-conspirator in obtaining a pry bar and two-way radios to use during the theft of the firearms. On February 18, 2020, while Zero Tolerance was closed and the doors were locked, Suarez drove his co-conspirator to Zero Tolerance and dropped his co-conspirator off at Zero Tolerance, knowing that the co-conspirator would break into Zero Tolerance, steal firearms and return to Suarez's car with the stolen firearms. The co-conspirator entered Zero Tolerance by using a pry bar to open a locked exterior door. The co-conspirator took five AR-style rifle firearms from within the store while Suarez waited outside. The co-conspirator exited Zero Tolerance with the firearms, returned to Suarez's vehicle and they left with the firearms. Suarez and the co-conspirator took the firearms to another location.

A.21-22.

### B. Suarez's Plea Agreement Waiver of Appeal

In his plea agreement, Suarez waived his right to appeal, *inter alia*, any sentence of 120 months of less. A.23.

3

## C. Sentencing Proceedings

### 1. Presentence Investigation Report

Using the 2018 Sentencing Guidelines Manual, the probation office determined the base offense level applicable to Suarez's offense of conviction to be 20, pursuant to U.S.S.G. § 2K2.1(a)(4). Presentence Investigation Report (PSR) ¶¶ 18, 19. U.S.S.G. § 2K2.1(a)(4) provides, in part:

(a) Base Offense Level (Apply the Greatest):

\*\*\*

(4) 20, if —

(A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense . . . .

The probation office applied the § 2K2.1(a)(4) enhancement based on Suarez's 2015 conviction for Criminal Sale of a Controlled Substance in the Third Degree, pursuant to NYPL § 220.39(1).

The probation office added: 2 levels because the offense involved 5 firearms (§ 2K2.1(b)(1)(A)); 2 levels because the offense involved a stolen firearm (§ 2K2.1(b)(4)(A)); and 4 levels because Suarez's possession of the firearms was in connection with another felony offense, *i.e.*, the burglary of the firearms dealer (§ 2K2.2(b)(6)(B))—yielding an adjusted offense level of 28. PSR ¶¶ 20-22, 26. The probation office deducted 3 levels because of Suarez's prompt

4

acceptance of responsibility (§ 3E1.1(a) and (b)), resulting in a total offense level of 25. PSR ¶¶ 28-30.

The probation office determined Suarez's criminal history category to be V. PSR ¶ 45. Suarez's Guidelines imprisonment range was determined to be 100 to 120 months, capped by the statutory maximum penalty for his offense. PSR ¶ 85.

## 2. Sentencing Memoranda

In its sentencing memorandum, the government agreed with the Guidelines calculations in the PSR (as finally determined and discussed above), A.63-64, and recommended a prison term within the Guidelines range of 100 to 120 months. A.65.

In his sentencing memorandum, Suarez objected to the two-level increase in his offense level for possession of a stolen firearm, arguing that because his offense of conviction was for theft of firearms from a firearms dealer, the two-level enhancement amounted to double counting. A.71. Suarez requested a term of imprisonment between 70 and 87 months. A.75.

Neither party objected to the enhancement of Suarez's base offense level by virtue of his prior conviction for Criminal Sale of a Controlled Substance in the Third Degree under New York State law.

5

### 3. Sentencing Hearing

At the sentencing hearing, defense counsel and Suarez advised the district court that neither had any objection to the presentence investigation report, A.79-80, and the court adopted the report's contents, A.80.

Defense counsel discussed Suarez's personal characteristics, including the support he had from his family. A.80-82. Defense counsel requested a "deviation" from the applicable Guidelines range. A.82.

Relying principally on Suarez's lengthy criminal history, government counsel requested a within-Guidelines term of imprisonment. A.82-84.

Apparently reading from a prepared statement, Suarez began by apologizing to the court. A.84. Defense counsel read the remainder of Suarez's prepared statement, in which Suarez expressed his desire to return to his family, and assured the court that given one more chance, he could right his wrongs. A.84-87.

Before imposing sentence, the district court noted that although Suarez was a young man, his criminal history was extensive, and the court was concerned that he might commit further crimes. A.87. The court agreed with defense counsel that Suarez's use of controlled substances was a contributing factor to his criminal conduct. A.87.

The district court said that it had reviewed the pertinent documents and statutory sentencing factors. A.88. The court found that a Guidelines sentence was sufficient but not greater than necessary to meet the statutory goals of sentencing. A.88. The court imposed a bottom-of-the-Guidelines-range 100-month term of imprisonment to be followed by a 3-year term of supervised release. A.89.

## DISCUSSION

**The Court Should Order a Remand to Allow the District Court to Resentence Suarez Without Application of the Enhancement to his Base Offense Level Based on His Prior State Drug Conviction.**

In *United States v. Gibson*, 55 F.4th 153 (2d Cir. 2022), *rehearing granted and request for amended opinion denied*, *United States v. Gibson*, 60 F.4th 720 (2d Cir. 2023) (per curiam), this Court affirmed the district court's determination "that 'controlled substances' in [U.S.S.G.] § 4B1.1 refers exclusively to substances controlled under the [Controlled Substances Act], and that as the New York schedule was broader than the schedules currently promulgated under the CSA—*i.e.*, those reflecting federal criminal law as it stood at the time of Gibson's sentencing in the present case—Gibson's

7

conviction under [NYPL] §§ 220.39(1) and 110 is not a controlled substance offense within the meaning of § 4B1.1." 55 F.4th at 155.[3] The Court explained:

> Under New York law, "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells ... a narcotic drug," N.Y. Penal Law § 220.39(1) (McKinney 2002)—or of an attempt to do so, *see id.* § 110. The term "narcotic drug" is defined to include "any controlled substance"—other than methadone—"listed in schedule ... II(b)" of § 3306 of New York's Public Health Law. N.Y. Penal Law § 220.00(7) (McKinney 2002). As relevant here, that schedule II(b) list of controlled substances includes—as it apparently did in 2002—"[o]pium and opiate, *and* any salt, compound, *derivative*, or preparation *of opium or opiate.*" N.Y. Pub. Health Law § 3306 Schedule II(b)(1) (McKinney 2002) ("New York schedule II(b)(1)") (emphases added). Naloxegol is an opium alkaloid derivative. *See generally* Schedules of Controlled Substances: Removal of Naloxegol From Control, 80 Fed. Reg. 3468, 3468 (Jan. 23, 2015) ("Naloxegol Delisting Rule") ("Prior to the effective date of this rule, naloxegol was a schedule II controlled substance because it can be derived from opium alkaloids.").

55 F.4th at 156.

Whether a defendant's prior conviction is for a "controlled substance" offense under U.S.S.G. § 4B1.1 for purposes of determining whether a defendant is a career offender, is relevant to the calculation of Suarez's

---

[3] Although the Court determined that the federal schedule of controlled substances to which the potential state predicate offense should be compared is not the schedule in place when the defendant committed the potential predicate state offense, the Court declined to determine whether the federal schedule in place when the defendant committed the instant federal offense or when he is sentenced for the instant federal offense should provide the comparison. 55 F.4th at 165-66.

Guidelines offense level. The applicable guideline for Suarez's offense of conviction is U.S.S.G. § 2K2.1. That section provides for a base offense level of 20 if the defendant has previously been convicted of a felony controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A).

Application note 1 to U.S.S.G. § 2K2.1 provides, in part, "Definitions—For purposes of this guideline: 'Controlled substance offense' has the meaning given that term in §4B1.2(b) and Application Note 1 of the Commentary to §4B1.2 (Definitions of Terms Used in Section 4B1.1)." U.S.S.G. § 2K2.1 cmt. n.1. Because a "controlled substance offense" in U.S.S.G. § 2K2.1 is the same as in U.S.S.G. § 4B1.1, *Gibson* controls and it was error to enhance Suarez's offense level based on his conviction under NYPL § 220.39(1).

Notwithstanding Suarez's waiver of his right to appeal any sentence of 120 months or less, the government elects not to enforce this waiver here and believes that Suarez should be resentenced without application of the enhancement to his base offense level provided in U.S.S.G. § 2K2.1(a)(4)(A).[4]

---

[4] In the event the Court denies this government motion for remand, it is the government's intention not to assert Suarez's waiver of appellate rights in this appeal.

## CONCLUSION

For the reasons stated above, the government requests that the Court order a remand to the district court for resentencing without application of the base level enhancement in U.S.S.G. § 2K2.1(a)(4)(A), with leave to the district court to determine whether any other base offense level enhancements in U.S.S.G. § 2K2.1(a) apply to Suarez's offense of conviction. If the Court denies this motion, the government respectfully requests that it permit the government to file its responsive brief within 30 days of such order.